UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. _____

FIFTH THIRD BANK, N.A.

    Plaintiff,

v.

DLG MEDICAL SALES, INC.; and
KOTTO YAPHET PAUL,

    Defendant.

## COMPLAINT

Comes the plaintiff, Fifth Third Bank, an Ohio banking corporation, and now known as Fifth Third Bank, N.A. ("Plaintiff"), by and through counsel, and hereby submits its Complaint against DLG Medical Sales, Inc. ("Borrower") and Kotto Yaphet Paul ("Guarantor"). In support, Plaintiff states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a national bank with its main office located at 38 Fountain Square Plaza, Cincinnati, Ohio, and it is a citizen of the State of Ohio pursuant to 28 U.S.C. § 1348.

2. Plaintiff is a bank providing financing to Borrower.

3. Borrower is a Wisconsin corporation with its principal place of business located at 11524 Providence Road Suite 211C, Charlotte, Mecklenburg, North Carolina 28277. Borrower is a citizen of the States of either North Carolina or Wisconsin.

4. Upon information and belief, Guarantor is a citizen of the state of North Carolina who resides at 15409 Brem Lane, Charlotte, North Carolina, 28277.

5. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Venue properly lies in this Court under the provisions of 28 U.S.C. § 1391 because Borrower and Guarantor reside in this District, a substantial part of the events or omissions giving rise to the claim occurred within this District, and a substantial part of the property that is the subject of action is located within this District.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Loan and Security Documents

7. Borrower is indebted to Plaintiff pursuant to the terms of a term note dated March 7, 2018, and made by Borrower and delivered to Plaintiff, evidencing a loan in the principal amount of $386,580.86, with interest and payments as set forth therein (the "Note"). A true and accurate copy of the Note is attached hereto as **Exhibit 1** and incorporated by reference herein.

8. To secure payment of the sums due under the Note, Guarantor executed and delivered to Plaintiff a Continuing Guaranty Agreement dated March 7, 2018 (the "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as **Exhibit 2** and incorporated by reference herein.

9. Among other things, the Guaranty provides that the Guarantor:

> unconditionally, absolutely and irrevocably guarantees to [Plaintiff] the full and prompt payment and performance when due (whether at maturity by acceleration or otherwise) of any and all loans, advances, indebtedness and each and every other obligation or liability of Borrower owed to [Plaintiff] … [.]

*See* Ex. 2, ¶ 1(a).

10. To further secure payment of the sums due under the Note, Borrower and Plaintiff entered into two Security Agreements dated March 7, 2018 (collectively, the "Security

Agreement"). A true and accurate copy of the Security Agreement is attached hereto as **Exhibit 3** and incorporated by reference herein.

11. Pursuant to the terms of the Security Agreement, Borrower granted Plaintiff a security interest in "Collateral," defined in the Security Agreement as "(a) All Accounts, all inventory, all Equipment, all General Intangibles, all Investment Property," " (b) All instruments, chattel paper, electronic chattel paper …" and "(c) All assets and all personal property now owned or hereafter acquired …" *See* Ex. 3, ¶ 2.

12. The Collateral at issue in this litigation includes equipment financed by Plaintiff (the "Equipment Collateral"). A list of the Equipment Collateral is set forth on Exhibit A to the Security Agreement and incorporated by reference herein. *See* Ex. 3, p. 6.

13. Plaintiff perfected its security interest in the Collateral, including the Equipment Collateral, by filing the appropriate UCC financing statement. A true and accurate copy of the UCC financing statement is attached hereto as **Exhibit 4** and incorporated by reference herein.

14. The Note, the Security Agreement, the Guaranty and UCC Financing Statement are sometimes hereinafter collectively referred to as the "Loan and Security Documents".

**Defaults Under Loan and Security Documents**

15. Under the terms of the Note, Borrower promised to remit monthly installments of principal and interest on the 7th day of each calendar month beginning on April 7, 2018. *See* Ex. 1, ¶ 1.

16. In breach of the Note, Borrower has failed to make all required payments to Plaintiff. *See* Ex. 1, ¶ 8.

17. As of February 18, 2020, the outstanding amount owed by Borrower and Guarantor under the Note is $312,182.87, consisting of $306,087.37 in outstanding principal, $4,027.87 in

accrued but unpaid interest, with additional interest accruing, plus $2,067.63 in other fees. Borrower and Guarantor also owe additional amounts to the Plaintiff for its attorney fees and costs, which have accrued and continue to accrue.

18. On November 8, 2019, Plaintiff sent a letter to Borrower and the Guarantor demanding that Borrower and Guarantor (the "Obligors") cure the default.

19. On January 29, 2020, Plaintiff sent a second letter to Borrower and the Guarantor demanding that the Obligors cure the default. True and correct copies of the November 8, 2019 and January 29, 2020, letters are attached hereto as **Exhibit 5** and incorporated by reference herein.

20. The Obligors have failed to make any payment in 2020, and the 10-day period for curing the Obligors' lack of payment has passed. This failure is an "Event of Default" under the Note, which allows Plaintiff to declare, with or without notice, the Note fully due and payable. *See* Ex. 1, ¶ 8.

21. The Obligors have ceased all communication and cooperation with Plaintiff.

22. As a result of the Obligors' breaches, Plaintiff has sustained damage in an amount not less than $312,182.87, consisting of $306,087.37 in outstanding principal, $4,027.87 in accrued but unpaid interest, with additional interest accruing, plus $2,067.63 in other fees, through February 18, 2020, plus additional interest accruing and all attorney fees and costs of Plaintiff.

23. The Note provides that Borrower shall be responsible for the payment of all Plaintiff's attorneys' fees, legal expenses, and other costs and expenses incurred in the enforcement of the Loan and Security Documents. *See* Ex. 1, ¶ 6.

24. Under the Guaranty, Guarantor has promised to provide Plaintiff with "the full and prompt payment" of all expenses and attorneys' fees incurred by Plaintiff under the Loan and Security Documents. *See* Ex. 2, ¶ 1(a).

# COUNT I
## (BREACH OF CONTRACT - BORROWER)

For Count I of its Complaint against Borrower, Plaintiff states as follows:

25. Plaintiff hereby incorporates by reference in this paragraph 25, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 24 of this Complaint.

26. The Loan and Security Documents constitute valid and binding contracts, enforceable against Borrower in accordance with their terms.

27. Borrower is in breach of its obligations under the terms of the Loan and Security Documents for, among other things, the aforementioned defaults, including the Borrower's failure to make all required payments when due under the terms of the Note.

28. Despite a demand by Plaintiff made upon Borrower, Borrower has failed to cure its defaults under the Loan and Security Documents.

29. All conditions precedent to Borrower's performance in making payment have been satisfied by Plaintiff.

30. Borrower continues in breach of the Loan and Security Documents by failing to pay the entire balance due thereunder.

31. As of February 18, 2020, Plaintiff has been damaged by Borrower's breach of the Loan and Security Documents in an amount not less than $312,182.87, plus additional interest, all of Plaintiff's attorney fees and costs, and all other amounts accruing under the Loan and Security Documents.

## COUNT II
### (BREACH OF GUARANTY - GUARANTOR)

For Count II of its Complaint against the Guarantor, Plaintiff states:

32. Plaintiff hereby incorporates by reference in this paragraph 32, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 31 of this Complaint.

33. The Guarantor signed the Guaranty in his personal capacity.

34. The Guaranty constitutes a valid and binding contract, enforceable against the Guarantor in accordance with its terms.

35. Borrower continues in breach of the Loan and Security Documents by failing to pay the entire balance due thereunder.

36. As of February 18, 2020, Plaintiff has been damaged by Guarantor's failure to fulfill the terms of the Guaranty in an amount not less than $312,182.87, plus additional interest, all of Plaintiff's attorney fees and costs, and all other amounts accruing under the Loan and Security Documents.

37. Plaintiff is entitled to enforcement of the terms of the Guaranty against the Guarantor and to payment from the Guarantor of all sums due and owing by the Obligors to Plaintiff as set forth herein.

## COUNT III
### (VALID SECURITY INTEREST/RETURN OF COLLATERAL)

38. Plaintiff hereby incorporates by reference in this paragraph 38, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 37 of this Complaint.

39. The Security Agreement granted Plaintiff a security interest in the Borrower's Collateral, including the Equipment Collateral, and Plaintiff has perfected its security interest.

40. At all times herein, Plaintiff has maintained a security interest in the Collateral, including the Equipment Collateral.

41. Borrower is in default under the Loan and Security Documents.

42. Borrower's default under the Loan and Security Documents entitles Plaintiff to immediate possession of the Collateral, including the Equipment Collateral. *See* Ex. 3, ¶ 9.

43. To the best of Plaintiff's knowledge, information, and belief the Equipment Collateral is located in Mecklenburg County, North Carolina.

44. By virtue of the Borrower's continuing defaults under the Loan and Security Documents, the Equipment Collateral is being wrongfully detained.

45. To the best of Plaintiff's knowledge, information, and belief, Borrower and/or Guarantor are unlawfully retaining the Equipment Collateral for commercial purposes.

46. To the best of Plaintiff's knowledge, information, and belief, the Equipment Collateral has not been taken for any tax, assessment or fine pursuant to statute, or seized under an execution or attachment.

47. On February 27, 2020, Plaintiff, by and through counsel, demanded that Defendants return the Equipment Collateral ("Equipment Demand"). A copy of the Equipment Demand is attached as Exhibit 6.

48. Defendants have failed and refused to return the collateral to Plaintiff.

49. As result of Borrower's defaults under the Loan and Security Documents, Plaintiff has been damaged.

50. The Note and the Guaranty provide that Borrower and Guarantor are liable for attorneys' fees, expenses, and costs incurred by Plaintiff in pursuing this action.

51. Plaintiff is entitled to judgment for possession of the Equipment Collateral, together with the expenses of re-taking, holding, repairing, preparing for sale, and sale of the Equipment Collateral, attorneys' fees, expenses, costs of this action, and any other proper relief.

## COUNT IV
## (FORECLOSURE - BORROWER)

52. Plaintiff hereby incorporates by reference in this paragraph 52, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 51 of this Complaint.

53. Borrower has defaulted on the Loan and Security Documents.

54. Plaintiff is entitled to foreclose its security interest in the personal property, including but not limited to the Equipment Collateral, pledged by Borrower pursuant to the Security Agreement.

55. Plaintiff perfected its interest in the personal property pledged by the aforesaid instruments.

56. By reason of Borrower's defaults, Plaintiff has provided notice that all amounts due under the Note are immediately due and payable.

57. Plaintiff's rights, security interest, and lien are valid, first, superior, and prior to any rights, security interest, or liens of any person or entity in and to the personal property pledged by Borrower and described in the instruments attached hereto, including but not limited to Equipment Collateral, for the sum of money found to be due.

58. Due to Borrower's defaults, pursuant to the Loan and Security Documents, Plaintiff is entitled to foreclose upon personal property pledged by Borrower and described in the

instruments attached hereto, including but not limited to Equipment Collateral and is further entitled to all other remedies available to it under the Loan and Security Documents and the Uniform Commercial Code.

**WHEREFORE**, Plaintiff, Fifth Third Bank, N.A., demands as follows:

A. Judgment against the Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, jointly and severally, in favor Fifth Third Bank, N.A., under the Loan and Security Documents in the amount of not less than $312,182.87, plus additional pre-judgment interest accruing after February 18, 2020, and post-judgment interest thereon at the default rate provided in the Note, plus late fees, Plaintiff's expenses, reasonable attorneys' fees, and other items which Plaintiff is entitled to recover under the Loan and Security Documents;

B. That the Note, the Security Agreement, and the Guaranty attached hereto, the indebtedness due under each, and the respective obligations and promises of DLG Medical Services, Inc. and Kotto Yaphet Paul, thereunder, should be adjudged valid and enforceable agreements and obligations of the defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul;

C. Specific performance of all the covenants of the Note, the Security Agreement, and the Guaranty and that Plaintiff's interest in the Equipment Collateral be recognized and enforced and that it be awarded immediate possession, custody and control of the Equipment Collateral, or the value of if possession cannot be had, pursuant to proper orders of this Court; and that the Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, be required to assemble the Equipment Collateral and make it available to Plaintiff at a

place designated by Plaintiff; and that Plaintiff be allowed to enforce all other remedies under the Note, the Security Agreement, and the Guaranty;

D. That the Equipment Collateral be sold as at execution sale, and the proceeds applied to the payment of Plaintiff's claims;

E. That the Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, and all other persons claiming from, through or under them be ordered to come forth and assert their claims in and to the Equipment Collateral, if any, or be foreclosed and forever barred from asserting any claims against the Equipment Collateral;

F. That the Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, and all other persons claiming from, through or under them, or anyone who has otherwise obtained possession of the Equipment Collateral during the pendency of this action, be ordered to deliver and surrender possession thereof to Plaintiff or its lawful agents;

G. That Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, or any officer, agent, employee or other person(s) acting by, through, under or on their behalf (collectively the "Agents"), should be ordered, restrained and enjoined from removing, destroying, deteriorating or causing any damage to the Equipment Collateral or any accessions, substitutions or proceeds thereof or otherwise committing waste in connection with the Equipment Collateral as such Equipment Collateral is subject to the rights of Plaintiff. In the event said Defendants and/or the Agents remove, destroy or cause any damage to the Equipment Collateral, Plaintiff should be granted an order of contempt and an award for compensatory damages due to diminution of value of such Equipment Collateral;

H. That Fifth Third Bank, N.A., recover from the Defendants, DLG Medical Services, Inc. and Kotto Yaphet Paul, jointly and severally, all costs and expenses, including attorneys' fees, incurred by Fifth Third Bank, N.A., in pursuing this action; and

I. That Fifth Third Bank, N.A., be granted such other and further relief as the Court deems just and proper.

Dated: February 28, 2020

                                        Respectfully submitted,

                                        **JOHNSTON, ALLISON & HORD, P.A.**

By:   /s/ Kenneth Lautenschlager
        Kenneth Lautenschlager
        N.C. State Bar No. 23246
        1065 East Morehead Street
        Charlotte, NC  28204
        Telephone: 704.332-1181
        Facsimile:  704. 376.1628
        Email: klauten@jahlaw.com
        ATTORNEYS FOR PLAINTIFF