# Exhibit 6



**STOLL
KEENON
OGDEN**
PLLC

**MARK T. HURST**
DIRECT DIAL: 502-560-4236
mark.hurst@skofirm.com

500 WEST JEFFERSON STREET
SUITE 2000
LOUISVILLE, KY 40202-2828
MAIN: (502) 333-6000
FAX: (502) 333-6099

February 27, 2020

**Via FedEx Overnight Mail and Regular Mail**

**DLG Medical Sales, Inc.**
11524 Providence Road Suite 211C
Charlotte, NC 28277

**Kotto Yaphet Paul**
15409 Brem Lane
Charlotte, North Carolina 28277

       Re:    Payment Default

Dear Mr. Paul:

       Stoll Keenon Ogden PLLC represents Fifth Third Bank (the "Bank") in connection with a loan made by the Bank in favor of DLG Medical Sales, Inc. (the "Borrower"), which loan is made pursuant to that certain Term Note made by the Borrower in favor of the Bank dated effective as of March 7, 2018 in the principal amount of $386,580.86 (as amended and/or renewed from time to time, the "Note") and which loan is guaranteed by Kotto Yaphet Paul (the "Guarantor", and collectively with the Borrower, the "Obligors") and secured by collateral pursuant to the enclosed Security Agreement dated effective as of March 7, 2018. All capitalized terms used herein but not otherwise defined herein shall be given the same meaning assigned to such capitalized terms in the Note.

       As of February 18, 2020, the outstanding amount owed by Borrower under the Note is $312,182.87, consisting of $306,087.37 in outstanding principal, $4,027.87 of accrued but unpaid interest and $2,067.63 in other fees. The foregoing amounts do not include any interest at the default rate, late charges and fees and unreimbursed attorney fees, which may also due and owing and which have accrued and continue to accrue and for which Borrower and Guarantor are liable.

       The Obligors remain in default of their obligations set forth in the Note and the other Loan Documents as a result of the Borrower's failure to make the January 2020 payment in the amount of $5,729.29 that is currently past due under the Note (the "Default"). Pursuant Section 8(a) of the Note, the Borrower failed to cure the Default within ten (10) days. Pursuant to the Security Agreement, the Bank hereby demands Borrower return the collateral, as set forth in Exhibit A of the Security Agreement, to the Bank. Pursuant to Section 9 of the Security Agreement, Borrower shall contact the Bank to make arrangements to return the collateral to a location designated by the Bank.

       Please be advised that any negotiations between the Bank and either Obligor shall not constitute a waiver of Bank's right to exercise its rights and remedies under the Note or otherwise at law or in equity, unless such waivers are in a written document signed on behalf of the Bank. Similarly, neither this letter nor any statement by or on behalf of Bank as to the amounts due and owing under the Note and the other Loan Documents shall constitute a waiver of any rights of the Bank to collect any additional amounts to which the Bank may be lawfully entitled pursuant to the terms of the Note, other Loan Documents or otherwise at law or in equity.

       If you have any questions about this Letter or would like to discuss this matter further, please feel free to contact Andy Morelli at 313.230.9748.

SKOFIRM.COM

Case 3:20-cv-00125-RJC-DCK   Document 1-6   Filed 02/28/20   Page 2 of 3

February 27, 2020
Page 2

Sincerely,

**Stoll Keenon Ogden PLLC**

*[signature]*

Cc:   Mr. Andy Morelli, Vice-President Fifth Third Bank
      Jamie S. Brodsky, Esq.